**DEBORAH J. PIAZZA, AS CHAPTER 7
 TRUSTEE OF THE DEBTOR**
1350 Broadway, 11th Floor
New York, New York 10018
(212) 216-8000
dpiazza@tarterkrinsky.com

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------ x
In re:                                          :
                                                :          **Chapter 7**
**EMPIRE STATE CONGLOMERATES, INC.,** :
                                                :          **Case No.: 15-10061 (SMB)**
                          Debtor.               :
------------------------------------------------------------ x

**TRUSTEE'S APPLICATION FOR AN ORDER AUTHORIZING
THE RETENTION OF MYC & ASSOCIATES, INC. AS TRUSTEE'S
<u>REAL ESTATE BROKER AND PROPERTY MANAGER</u>**

**TO:   THE HONORABLE STUART M. BERNSTEIN
       UNITED STATES BANKRUPTCY JUDGE,**

Upon the application (the "<u>Application</u>") of Deborah J. Piazza, Chapter 7 trustee (the "<u>Trustee</u>" or "<u>Applicant</u>") of the debtor in the above-captioned bankruptcy case, Empire State Conglomerates, Inc. (the "<u>Debtor</u>"), for an order authorizing the Trustee to retain MYC & Associates, Inc. ("<u>MYC</u>") as the Trustee's Real Estate Broker and Property Manager, the Trustee respectfully represents and states as follows:

**SUMMARY OF RELIEF REQUESTED**

1.   The Trustee seeks an order of this Court, pursuant to section 327 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), authorizing the Trustee to retain MYC as the Trustee's Real Estate Broker and Property Manager in this case.

2. At the time of the filing of its Petition, the Debtor was the owner of 1,670 shares (the "Shares") in 87-10 Operating LLC representing two apartments, 2S and 5R (the "Apartments"), located at 87-10 51st Avenue, Elmhurst, New York 11373. The shares appear to have equity value and need to be sold. Thus, Applicant requires the services of MYC for the purpose of marketing and selling the Apartments, and also for the purpose of managing the Apartments, collecting rent, and maintaining them in good condition pending the consummation of the sales of the Apartments on behalf of the Debtor's estate.

**JURISDICTION, VENUE AND STATUTORY PREDICATES FOR RELIEF**

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding is proper in this district and before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

4. The statutory provisions governing the relief requested in this Application are 11 U.S.C. §§ 327(a) and (d), Fed. R. Bankr. P. 2014 and Local Bankruptcy Rule 2014-1.

**BACKGROUND**

5. On January 13, 2015 (the "Filing Date"), the Debtor filed a voluntary petition in accordance with Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Court"). On March 27, 2015, an Order was entered converting the case to Chapter 7.

6. Shortly thereafter, Applicant was appointed as interim Chapter 7 Trustee of the estate, and is currently acting in such capacity.

## RELIEF SOUGHT

7. Applicant seeks an order of this Court authorizing the retention of MYC as the Trustee's Real Estate Broker and Property Manager in this case pursuant to 11 U.S.C. §§ 327(a).

8. Applicant respectfully submits that the retention of MYC in such capacities will be in the best interests of the estate. I am quite familiar with MYC, having retained them in other cases in which I have served as trustee, and I know MYC's principals to have extensive experience in connection with the marketing, sale and management of real estate in bankruptcy cases, including with respect to residential real estate like the Apartments involved in the Debtor's case.

9. Applicant seeks to retain MYC as the Trustee's real estate broker in connection with the anticipated sales of the Apartments involved in the instant case pursuant to Section 363 of the Bankruptcy Code, at a fee to be set by the Court, not to exceed 6% of the sale price(s).

10. In addition, Applicant also wishes to retain the services of MYC as the Trustee's Property Manager so that the Properties can be maintained in good condition and repair pending the anticipated Section 363 sales. The duties which I wish to have MYC perform as Property Manager would include: (a) collecting rent from the tenants presently occupying the Apartments; (b) evicting tenants presently occupying the Apartments, if necessary; and (c) safeguarding the Apartments. At my request, immediately following my appointment, MYC began performing services to inspect and safeguard the Apartments. As set forth in the accompanying Affidavit of Marc P. Yaverbaum, a member of MYC (the "Yaverbaum Affidavit,") a copy of which is annexed hereto as **Exhibit A**), that firm proposes to render services as Property Manager at its customary hourly rates of $225 for members of the firm, and $75 for associates of the firm. As further set forth in the Yaverbaum Affidavit, MYC will

maintain detailed time records in connection with its rendering of such services, which records will be appended to any fee applications that MYC may make to this Court in its capacity as Property Manager.

11. In the Yaverbaum Affidavit, Mr. Yaverbaum also represents that, to the best of his knowledge and belief, MYC neither holds nor represents any interest adverse to the Debtor's estate, the creditors of the estate, the Trustee and her professions, any party in interest or their respective attorneys and accountant, the United States Trustee, or any person employed in the office of the United States Trustee, except that, as stated above, Applicant has retained the services of MYC in other bankruptcy matters in which Applicant has served as trustee. Accordingly, Applicant respectfully submits that MYC is "disinterested" as that term is defined in Sections 101(14) and 327(a) of the Bankruptcy Code.

12. MYC understands that any award(s) of fees and expenses to MYC in connection with its services as the Trustee's Real Estate Broker and as Property Manager will be subject to a proper application(s) to, and approval by, the Bankruptcy Court pursuant to Sections 330 and 331 of Title 11 of the Bankruptcy Code, the Bankruptcy Rules, any pertinent Local Rules of the Bankruptcy Court, and any fee guidelines issued by the Executive Office for United States Trustees.

13. MYC has expressed to Applicant its willingness to become and serve as the Trustee's Real Estate Broker and Property Manager and to perform all of the services necessary for the orderly administration of the estate as set forth in the Yaverbaum Affidavit.

14. No previous application to retain MYC as the Trustee's Real Estate Broker and as the Trustee's Property Manager in this case has been made to this or any other court.

**WHEREFORE**, the Trustee respectfully requests entry of an order of this Court, in the

form annexed hereto as **Exhibit B,** authorizing the Trustee to retain MYC as the Trustee's Real Estate Broker and as the Trustee's Property Manager, and for such other and further relief as this Court may deem just and proper.

Dated: New York, New York
April 28, 2015

*/s/ Deborah J. Piazza*
Deborah J. Piazza
Chapter 7 Trustee of the Debtor
1350 Broadway, 11th Floor
New York, NY 10018
(212) 216-8000
dpiazza@tarterkrinsky.com