UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

EMPIRE STATE CONGLOMERATES, INC.,

Debtor.

Chapter 7

Case No. 15-10061 (SMB)

------------------------------------------------------------X

AFFIDAVIT OF MARC P. YAVERBAUM IN SUPPORT
FOR THE RETENTION OF MYC & ASSOCIATES, INC.
AS A REAL ESTATE BROKER AND PROPERTY MANAGER
TO DEBORAH J. PIAZZA AS THE CHAPTER 7 TRUSTEE

STATE OF NEW YORK  )
                   ) ss.:
COUNTY OF RICHMOND )

MARC P. YAVERBAUM, being duly sworn, deposes and says:

1. I am a member of the firm MYC & ASSOCIATES, INC. ("MYC"), maintaining its office at 1110 South Avenue, Suite 61, Staten Island, New York 10314.

2. This affidavit is being submitted in accordance with the application of Deborah J. Piazza (the "Trustee"), as the chapter 7 trustee of the estate of Empire State Conglomerates, Inc. (the "Debtor"), to retain MYC as her real estate broker and property manager.

3. MYC is a full asset management firm whose principals have been engaged in this field for many years and have dealt with the type of property involved herein.

4. MYC is duly licensed to transact business as a real estate broker and I am permitted to represent the firm as such as recognized by the Department of State of New York, unique identification number 10311200163.

5. To the best of my knowledge and belief, MYC neither holds nor represents any interest adverse to the estate herein, and is not related to the Debtor, the attorney for the Debtor, the creditors of this estate, the Trustee and her professionals, any party in interest or their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, except that in the past, the Trustee has retained the services of MYC in other bankruptcy matters. The undersigned is "disinterested" as that term is defined in Section 101(14) and 327(a) of the Bankruptcy Code.

6. MYC proposes to broker the assets of the above Debtor consisting of, but not limited to the following cooperatives: (i) Unit 2S, 87-10 51st Avenue, Queens, NY ("2S"); and (ii) Unit 5R, 87-10 51st Avenue, Queens, NY ("5R") (together, 2S and 5R will herein be referred to as the "Properties"). The Properties are occupied residential cooperative units located in the Elmhurst section of Queens, NY.

7. For the real estate brokerage services it will render, the undersigned hereby requests that the Court allow MYC a broker commission commensurate with the prevailing rates on such properties in the amount of six percent (6%) of the gross selling price of the Properties.

8. MYC also proposes to render property management services for this estate for which they will charge its customary hourly rates of $225.00 for the

members of the firm and $75.00 for the associates of the firm. Precise and detailed time records will be kept when MYC performs property management services.

9. The retention of a property manager is essential and in the best interests of this estate and its creditors. As the property manager, MYC's duties will include, but not be limited to: (i) assisting the Trustee with the collection of rent; (ii) assisting the Trustee in evicting the tenants, if necessary; and (iii) safeguarding the Properties. The duties of the property manager will allow for the preservation of value of the Properties so they can be sold for the best possible price.

10. No agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with, this Chapter 7 case, nor shall MYC share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person unless otherwise ordered by this Court.

11. No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code, or Section 504 of Title 11 of the United States Code has been or will be made by MYC.

12. MYC understands and agrees that the payment of fees, commissions or reimbursement of expenses to MYC in this matter will only be paid after the approval of a proper application made to this Court with prior approval by the Trustee and the Office of the United States Trustee.

13. MYC agrees to absorb all advertising expenses incurred in connection with the brokerage of the Properties.

14. MYC agrees that any expenses they incur, other than those described in ¶ 13 of this affidavit, will only be reimbursed after the approval of a proper application made to this Court with prior approval by the Trustee and the Office of the United States Trustee.

WHEREFORE, your deponent respectfully requests a proper Order for employment.

BY: /s/ Marc P. Yaverbaum
Marc P. Yaverbaum

NOTARY: Sworn to me before this
27th Day of April 2015

/s/ Faith Philipson
Faith Philipson

Notary Public, State of New York
No. 01PH6289923
Qualified in Richmond County
Commission Expires 9/30/17